IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID PERRERA, §
§
Defendant-Below, §
Appellant, § No. 348, 2022
§
v. § Court Below: Superior Court
§ of the State of Delaware
STATE OF DELAWARE §
§ Cr. ID Nos. 2005002146B
Appellee. § 2005002146A

Submitted: May 17, 2023
Decided: May 31, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) After a bench trial in the Superior Court, the trial judge found David Perrera guilty of Possession of a Firearm by Person Prohibited ("PFBPP") and Possession of Ammunition by Person Prohibited ("PABPP"). Perrera did not testify, and the trial judge did not conduct a colloquy exploring whether Perrera knowingly and intelligently waived his right to testify. On appeal, Perrera argues that, under the U.S. Constitution, the Superior Court was required to conduct a colloquy. We disagree and affirm the convictions.

(2)     On May 9, 2020, a Dover police officer arrested Perrera for illegal possession of a gun and its accidental firing in a grocery store parking lot.  A Kent County Grand Jury indicted Perrera and charged him with PFBPP, PABPP, Reckless Endangering First Degree, Criminal Mischief, and Unlawful Discharge of a Firearm Within a City.  Perrera filed a motion to sever the person prohibited charges ("Case B") from the other charges ("Case A").  The court granted the motion.

(3)     In the Case A trial, the jury found Perrera guilty of Unlawful Discharge of a Firearm Within a City and acquitted him of Reckless Endangering and Criminal Mischief.  Perrera waived his right to a jury trial in Case B.  On the same day of the jury verdict, the trial judge found Perrera guilty of the person prohibited charges.

(4)     At the Case A trial, Perrera waived his right to testify after the trial judge conducted a colloquy into the waiver of that right.  At the Case B trial, Perrera stipulated to the admission of evidence in the Case A trial, did not testify, and did not present a defense.  The trial judge did not conduct a colloquy into Perrera's waiver of his right to testify.

(5)     On appeal, Perrera argues that the trial judge's failure in the Case B trial to conduct a colloquy into the waiver of his right to testify in his defense violated the U.S. Constitution.  Even though the argument was not raised below, "[a] deprivation of fundamental constitutional rights . . . like the right to testify in a

criminal case in one's defense, can be considered structural errors that are reviewed *de novo* on appeal."[1]

(6) In *Thomas*, a decision issued a few months after the parties filed their briefs, this Court addressed whether a colloquy is required into a criminal defendant's waiver of his right to testify. Following a guilty verdict after a bench trial, Thomas argued that "the Superior Court erred by failing to raise with [him] his right to testify and failing to ensure that his waiver of the right to testify was voluntary, knowing and intelligent."[2] During trial, the defense rested without calling witnesses. Thomas "did not ask to testify, and his counsel did not raise the issue with the court. There was no colloquy with Thomas about his right to testify or his waiver of the right."[3]

(7) We held that "[w]e are persuaded by the greater weight of authority that, as a federal constitutional matter, a colloquy is not required." We reasoned that a colloquy requirement could "inappropriately influence the defendant to waive his [or her] constitutional right not to testify"[4] and interfere with trial strategy and intrude on the attorney-client relationship. We also noted that the inappropriate

---

[1] *Thomas v. State,* 2023 WL 2058568, *2 (Del. Feb. 17, 2023).
[2] *Id*. at *1.
[3] *Id*.
[4] *Id*. at *3 (alteration in original).

3

influence concern is heightened in a bench trial, where the colloquy with the trial judge could be misunderstood by the defendant.

(8)     The outcome here is the same.  Like *Thomas*, the Case B trial was a bench trial; the defense called no witnesses to testify; Perrera did not ask to testify; and Perrera's counsel did not raise the issue with the court.  Also, there were no unusual circumstances that might have caused the court to conduct a colloquy.[5] Under *Thomas*, the Superior Court was not required to conduct a colloquy into Perrera's waiver of his right to testify.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[5] *See Id.* at *2 ("The question before us is not, however, whether there is a constitutional right to testify in one's defense in a criminal trial.  Clearly there is.  Also not before us is a self-represented defendant laboring under a misunderstanding of his right to testify, a defendant who demands to testify and is prevented from testifying, or a defendant who has a conflict with his counsel about whether to testify.").

4